UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN JONATHAN BEYER,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN O'MALLEY, Commissioner of Social Security,<br><br>  Defendant. | No. 1:23-cv-1041-GSA<br><br>**OPINION & ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR DEFENDANT COMMISSIONER OF SOCIAL SECURITY AND AGAINST PLAINTIFF**<br><br>**(Doc. 21, 23)** |

### I.  Introduction

Plaintiff Martin Jonathan Beyer seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for supplemental security income pursuant to Title XVI of the Social Security Act.  For the reasons stated below, substantial evidence and applicable law support the ALJ's decision that Plaintiff was not disabled.[1]

### II.  Factual and Procedural Background[2]

On January 31, 2021, Plaintiff applied for supplemental security income.  The Commissioner denied the application initially on June 25, 2021, and on reconsideration on November 4, 2021.  AR 103–08; 116–21.  A hearing was held before an Administrative Law Judge (the "ALJ") on August 17, 2022.  AR 40–64.  On August 31, 2022, the ALJ issued an unfavorable decision.  AR 17–35.  The Appeals Council denied review on May 17, 2023 (AR 1–6) and this appeal followed.

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge.  Docs. 7, 10

[2] The undersigned has reviewed the relevant portions of the administrative record including the medical, opinion and testimonial evidence about which the parties are well informed, which will not be exhaustively summarized.  Relevant portions will be referenced in the course of the analysis below when relevant to the parties' arguments.

### III. The Disability Standard

Pursuant to 42 U.S.C. §405(g), this court has the authority to review a decision by the Commissioner denying a claimant disability benefits.  "This court may set aside the Commissioner's denial of disability insurance benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999) (citations omitted).  Substantial evidence is evidence within the record that could lead a reasonable mind to accept a conclusion regarding disability status.  *See Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is more than a scintilla, but less than a preponderance.  *See Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996) (internal citation omitted).

When performing this analysis, the court must "consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Social Security Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citations and quotations omitted).  If the evidence could reasonably support two conclusions, the court "may not substitute its judgment for that of the Commissioner" and must affirm the decision. *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997) (citation omitted).  "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

> To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 416.920(a)-(f).  The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the

claimant is or is not disabled. 20 C.F.R. §§ 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically determinable "severe impairments," (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the national and regional level. 20 C.F.R. § 416.920(a)-(f). While the Plaintiff bears the burden of proof at steps one through four, the burden shifts to the commissioner at step five to prove that Plaintiff can perform other work in the national economy given her RFC, age, education and work experience. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014).

**IV.   The ALJ's Decision**

At step one the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of January 31, 2021. AR 22. At step two the ALJ found that Plaintiff had the following severe impairment: bilateral shoulder arthritis/tendonitis; degenerative disc disease of the lumbar spine; diabetes mellitus; coronary artery disease status post stent placement; and obesity. AR 22. The ALJ also determined at step two that Plaintiffs' anxiety was non-severe and that Plaintiff had alleged various other conditions which are not at issue in this appeal, and which were either non-severe or not medically determinable impairments. AR 22–24. At step three the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24–25.

Prior to step four the ALJ evaluated Plaintiff's residual functional capacity (RFC) and concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. 416.967(b) with the following limitations:

> he can stand and/or walk for a total of four hours in a workday and can sit for six hours in a workday. The claimant can occasionally climb ramps/stairs but never ladders/ropes/scaffolds. He can also only occasionally balance, stoop, kneel, crouch, and crawl. He can occasionally reach overhead and frequently in other directions

> with both upper extremities. Finally, the claimant cannot work around heavy machinery with fast moving parts, at unprotected heights, or in environments with extreme heat.

AR 25–29.

At step four the ALJ concluded that Plaintiff had no past relevant work. AR 29. At step five, in reliance on the VE's testimony, the ALJ concluded that Plaintiff could perform other jobs existing in significant numbers in the national economy, namely: mail clerk, routing clerk, and inspector/hand packager. AR 29–30. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time since his application date of January 31, 2021. AR 30.

## V.     Issues Presented

Plaintiff asserts that the ALJ erred by failing to explain why Plaintiff's mental limitations were not incorporated into the RFC.

### A.     Applicable Law

Before proceeding to step four, the ALJ must first determine the claimant's residual functional capacity. *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins,* 466 F.3d at 883. *See also* 20 C.F.R. § 404.1545(a)(3) (residual functional capacity determined based on all relevant medical and other

evidence).  "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

Where the claimant alleges a mental impairment, steps two and three require the ALJ to apply the psychiatric review technique (or "PRT') outlined at 20 C.F.R. §§ 404.1520a, 416.920a, to determine the severity of the claimant's impairment at step two, and to determine whether the impairment satisfies Social Security regulations at step three.  If the claimant is found to have a medically determinable mental impairment, the ALJ must "specify the symptoms, signs, and laboratory findings that substantiate the presence of the impairment(s)," then "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c) of [Sections 404.1520a, 416.920a]," which specifies four broad functional areas: (1) understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. 20 C.F.R. §§ 404.1520a(b), (c)(3); id. §§ 416.920a(b), (c)(3).  Thes four functional areas are known as the "paragraph B" criteria.

The functional limitations are rated on a five-point scale of "[n]one, mild, moderate, marked, [or] extreme," 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).  An impairment causing no more than mild limitations in any area is generally considered a non-severe impairment. 20 C.F.R. § 416.920a(d)(1).   If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine the claimant's RFC.  The RFC determination is thus distinct from the PRT (and consideration of the "four broad functional" areas) though the discussion often overlaps.

**B.**     **Analysis**

Here, in performing the psychiatric review technique, the ALJ considered the four broad categories of mental functioning (paragraph B criteria) and found as follows:

<u>No limitations in understanding, remembering, or applying information</u> as there is no objective evidence of impaired cognitive functioning and/or memory deficits; <u>mild limitations in interactions with others</u> due to the diagnosis of anxiety and the one observation of an anxious affect (8F/3); <u>mild limitations in concentration, persistence, or pace</u> in part due to the effects of chronic pain on focus and pace; and <u>no limitations in adaptation and self-management</u> as the claimant is able to do household chores without documented interference from psychiatric symptoms (4E; Hearing transcript). In short, I conclude that anxiety is a non-severe impairment for purposes of the present decision.

AR 24 (emphasis added).

Plaintiff argues that despite finding mild limitations in social interaction and mild limitations in concentration/persistence/pace, the ALJ erred in failing to incorporate those mild limitations into the RFC, or explaining why they were omitted. MSJ at 13, Doc. 21. To the contrary, there is no controlling authority holding that mild limitations must be incorporated into an RFC or that their omission must be explained.

A mild limitation means that "functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited." 20 C.F.R. Part 404, Subpt. P. App. 1, Listing 12.00(F)(2). Relatedly, where a mental impairment causes no more than mild limitations, the impairment is non-severe (20 C.F.R. § 416.920a(d)(1)) and a non-severe impairment "does not significantly limit your physical or mental ability to do basic work activities." (20 C.F.R. § 416.922).

Plaintiff relies on unpublished district court authority, the factual applicability of which the parties dispute in the response and reply briefs, but which need not be addressed given there is controlling authority on point.

In *Woods*, the Ninth Circuit found no error where the ALJ assessed mild limitations in two of the four functional categories but included no mental limitations in the RFC. *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022). Much like the present case, the *Woods* panel noted that "Woods does not identify any particular evidence that the ALJ failed to consider or explain why the record

does not support the ALJ's findings regarding her mental functioning." *Id.* Defendant asserted in the response brief that *Woods* is controlling here, and Plaintiff makes no attempt to explain how *Woods* is distinguishable or inapplicable.

Similarly in *Bray*, the Ninth Circuit found no authority for "the proposition that a severe mental impairment must correspond to limitations on a claimant's ability to perform basic work activities," which applies with even more force here given Plaintiff's anxiety was found non-severe, a finding Plaintiff does not challenge. Simply put, there is no requirement that <u>mild</u> limitations be incorporated into the RFC. *See id.*; *but see Wascovich v. Saul*, 2:18-CV-659-EFB, 2019 WL 4572084, at *4 (E.D. Cal. Sept. 20, 2019) ("Where the ALJ accepts the medical assessment of <u>moderate limitations</u>, those limitations must be accounted for in the RFC.") (emphasis added) (citing *Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013).

There is also no basis to conclude that the ALJ harmfully erred in failing to explain how Plaintiff's non-severe impairment of anxiety was accounted for in the RFC. Although it is true that the ALJ must <u>consider</u> the functional effects of both severe and non-severe impairments at the RFC stage, there is no requirement that the ALJ <u>explain</u> the consideration of non-severe impairments, which is notable given the regulations do elsewhere indicate when and under what circumstances required "considerations" must be <u>explained</u>. *Compare* 20 C.F.R. § 416.945(a)(2) ("we will *consider* all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not "severe,"") *with* 20 C.F.R. § 416.920c(b)(2) ( "we will *explain* how we considered the supportability and consistency factors . . .") (emphasis added).

Further, Plaintiff does not dispute the accuracy of the ALJ's factual findings concerning the mental health evidence and the inferences the ALJ derived therefrom, including: 1- despite a PCP's diagnosis of generalized anxiety and treatment with lorazepam, the record showed no significant clinical findings or observations beyond anxious mood; 2- there was no evidence of specialized

7

treatment or in patient care; 3- there was no evidence of cognitive impairment or memory deficits; and 4- Plaintiff reported the ability to perform household chores without interruptions from psychiatric symptoms.  AR 24.

Because Plaintiff's sole claim rests entirely on non-controlling caselaw suggesting mild limitations must be incorporated into the RFC-- or the ALJ must explain the omission of the same-- and Plaintiff makes no attempt to distinguish the controlling authority cited above, there is thus no basis to find the ALJ committed any error here

### VI. Conclusion

For the reasons stated above, substantial evidence and applicable law support the ALJ's conclusion that Plaintiff was not disabled.  Accordingly, it is ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 21) is **DENIED.**
2. Defendant's cross-motion (Doc. 23) is **GRANTED**
3. The Commissioner's final decision is **AFFIRMED**
4. The Clerk of Court is directed to enter judgment in favor of Defendant Commissioner of Social Security, and against Plaintiff Martin Jonathan Beyer.

IT IS SO ORDERED.

Dated: __**November 9, 2024**__          _____**/s/ Gary S. Austin**_____
                                               UNITED STATES MAGISTRATE JUDGE